IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARVIS GARCIAS DOUGLAS, 695677,<br>Petitioner, | )<br>)<br>) |
| v. | ) No. 3:08-CV-599-O |
| RICK THALER,<br>Director TDCJ-CID,<br>Respondent. | )<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

On January 18, 1994, Petitioner pled guilty to aggravated sexual assault of a child under fourteen years of age and was sentenced to thirty years imprisonment. *The State of Texas v. Jarvis Garcias Douglas*, No. F-9340416-JQU (291st Dist. Ct., Dallas, Tex., Jan. 18, 1994).

Petitioner does not challenge his conviction. Instead, he claims he is unlawfully being denied parole. He states that after his 1994 conviction, the Texas Senate passed Senate Bill 45, TEX. GOV'T CODE Ann. § 508.046, which he argues makes it more difficult for him to obtain release on parole. Petitioner claims that § 508.046 is an ex post facto law which violates his constitutional rights.

On September 13, 2007, Petitioner filed a state habeas petition challenging the
**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

application of § 508.046 to his sentence. *Ex parte Douglas*, No. 32,250-02. On November 21, 2007, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On April 7, 2008, Petitioner filed his § 2254 petition. On October 22, 2008, Respondent filed his answer. On December 3, 2008, and July10, 2009, Petitioner filed replies. The Court now determines the petition should be denied.

## II. Discussion

### A.     Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

This amendment applies to all federal habeas corpus petitions which were filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2049, 138 L. Ed. 2d 481 (1997). The petition in this case is subject to review under the AEDPA.

**B.     Ex post facto**

Petitioner was convicted in 1994. Under the law in effect at that time, the Texas parole board acted in panels of three members, with two votes required to grant parole. In 1997, the law changed to require at least two-thirds of the entire parole board to vote in favor of granting parole to prisoners who, like Petitioner, have been convicted of specified felonies. *See* TEX. GOV'T CODE Ann. § 508.046; *Kyles v. Quarterman*, 291 Fed. Appx. 612, 613, 2008 WL 4111405 at *1 (5th Cir. Aug. 27, 2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 1011 (2009) (citing *Wallace v. Quarterman*, 516 F.2d 351, 353 (5th Cir. 2008)). Petitioner argues this change in the law under § 508.046 is an ex post facto violation.

The Fifth Circuit Court of Appeals has held that the retroactive application of § 508.046 does not facially violate the Ex Post Facto Clause. *See Wallace*, 516 F.3d at 354-56. Section 508.046 may, however, violate the Ex Post Facto Clause if the petitioner can show that, as applied to him, the retroactive application of the statute creates a sufficient risk of increased confinement. *Id.* at 356. This showing requires that Petitioner establish that the retroactive application of § 508.046 "will result in a longer period of incarceration than under the earlier rule." *Id.* (quoting *Garner v. Jones*, 529 U.S. 244, 255 (2000)).

In this case, Petitioner challenges the Board's 2007 denial of his parole. The Parole

Board minutes show that two Board members voted to grant parole and three Board members voted to deny parole. (Pet's Mem. Ex. E). Petitioner argues that if his parole panel had only consisted of three members, he would have had the two votes needed to be granted parole.

The Fifth Circuit, however, has rejected this same argument. In *Wallace v. Quarterman*, the Court stated the petitioner failed to show that the two members who voted in favor of parole would have been assigned to the petitioner's parole panel had the panel been a three-person panel. *Wallace*, 516 F.3d at 356. Consequently, the Court determined that the petitioner produced only speculative evidence that § 508.046 had produced a risk of increased confinement. Likewise, in this case, Petitioner has failed to show that the two parole members who voted to grant parole would have been assigned to his parole panel if the panel had been a three-person panel. Petitioner has therefore failed to establish that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be DENIED.

Signed this 17 day of August, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).