IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER GARCIAS DOUGLAS, 695677 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-599-O |
| | § | |
| RICK THALER, | § | |
| Director TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Recommendation of the United States Magistrate Judge filed in accordance with 28 U.S.C. § 636(b)(1) (ECF No. 21) and Petitioner's Objections thereto (ECF No. 24). After reviewing all relevant matters of record in this case, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Under 28 U.S.C. § 636(b)(1), the Court must review *de novo* the pleadings, filings, and records of the case and the Findings, Conclusions, and Recommendations of the Magistrate Judge.

**I.      BACKGROUND**

Petitioner Javier Garcias Douglas ("Douglas") argues that the Magistrate Judge erred in concluding that the application of Texas Senate Bill 45 ("Bill 45"), TEX. GOV'T CODE Ann. § 508.046 (West. 2010), to petitioner does not violate the ex post facto clause of the U.S. Constitution. *See* U.S. CONST. art. I, § 9, cl. 3. Since Petitioner's 1994 conviction in state court,

1

the Texas Senate passed Bill 45, which changed the parole board's voting procedure for granting parole. Prior to Bill 45, the Texas parole board acted in panels of three, with a prisoner requiring two votes to secure parole. The new law requires at least two thirds of the entire parole board to vote in favor of granting parole for prisoners, like Petitioner, who committed certain specified felonies. *See* TEX. GOV'T CODE Ann. § 508.046. Petitioner argues that the application of this change in procedure to his case violates the ex post facto clause of the U.S. Constitution.

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

*Id.* at § 2254(d). A decision is contrary to established federal law "if the state court arrives at a conclusion opposite that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The AEDPA applies to all federal habeas corpus petitions filed after April 24, 1996 and governs petitioner's application. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

## III.  ANALYSIS

Petitioner Douglas contends that application of the new parole procedure outlined in Bill

45 violates the ex post facto clause of the U.S. Constitution. *See* Pet'r Objections 4, ECF No. 24. In *Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008), the Fifth Circuit held that retroactive application of Bill 45 did not per se violate the ex post facto clause. *Id.* at 355. The Court held that "[w]hile changes to parole eligibility could retroactively increase punishment, determinations of suitability for parole, as determined by an eighteen- or a three-person panel, are discretionary." *Id.* However, "[i]ncreasing the number of board members who must vote on parole may create more than a 'speculative, attenuated risk of affecting a prisoner's actual term of confinement' in certain circumstances." *Id.* (quoting *Cal. Dep't Corr. v. Morales*, 514 U.S. 499, 508-09 (1995)). Even though Bill 45 does not facially violate the ex post facto clause, Petitioner Douglas may still prevail by presenting "evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Garner v. Jones*, 529 U.S. 244, 255 (2000). But Petitioner Douglas has produced "only speculative evidence" that the new rules produce an increased risk of confinement by opening up voting to the entire parole board. *Wallace*, 526 F.3d at 356.

Petitioner asks this Court for further opportunity to develop evidence that the application of Bill 45 to his case will result in a longer period of incarceration than under the prior rule. *See* Pet'r Objections 4, ECF No. 24. However, a prisoner "must be diligent in developing the record and presenting, if possible, all claims of constitutional error" at the state level. *Williams*, 529 U.S. at 437. Failure to produce such a record "prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met." *Id.* Petitioner has presented no evidence, and there is no evidence in the record, that the application of Bill 45 will result, or has resulted, in the risk of longer incarceration.

Accordingly, absent some evidence that Bill 45 produced an increased risk of confinement as applied to Petitioner, the state court did not violate clearly established federal law as laid down by the Supreme Court in *Garner* and *Williams*.

## IV. CONCLUSION

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 21) and Defendants' Objections thereto (ECF No. 24), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court. By separate judgment, the Court formally denies petitioner's application for a writ of habeas corpus.

**SO ORDERED** on this **19th** day of **October, 2010.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**